**FILED**

James J. Vilt Jr,
Clerk

July 29, 2024

U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                            Criminal Action No. 3:22-cr-37-RGJ

JERLEN HORTON                                                       Defendants
CHICOBY SUMMERS

* * * * *

**JURY INSTRUCTIONS**

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.   Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing. Then I will explain some rules that you must use in evaluating testimony and evidence.  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  Your first duty is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them.  This includes the instructions I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, fear, or prejudice you may feel influence your decision in any way.

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

As you know, the defendants, Jerlen Horton and Chicoby Summers, have pleaded not guilty to the crimes charged in the indictment.  The indictment is not evidence of guilt.  It is just the formal way the government tells the defendant what crimes he is accused of committing.  It does not raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so

by returning a guilty verdict as to that defendant.  If you are not convinced, say so by returning a not guilty verdict.

## LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence, as I have defined it, which you saw and heard here in court.

## DEFINITION OF THE CRIMES

### Introduction

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of each of the crimes that each defendant is accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged against them in the indictment (and the lesser charges that I will explain to you).  Your job is limited to deciding whether the government has proved the crime charged (or one of those lesser charges).

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved the defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

**SEPARATE CONSIDERATION OF EACH CHARGE—MULITPLE DEFENDANTS CHARGED WITH MULTIPLE CRIMES**

The defendants have been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual.  It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them.  For each charge, you must decide whether the government has presented evidence proving a particular defendant guilty beyond a reasonable doubt.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.  And your decision on one defendant, whether it is guilty or not guilty, should not influence your decision on the other defendant.


Now, I will explain the elements of the crimes that the defendants are accused of committing.

8

**Count 1: (Jerlen Horton and Chicoby Summers)**
**CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED**
**SUBSTANCES**

Count 1 charges Jerlen Horton and Chicoby Summers with conspiracy to possess with intent to distribute controlled substances, beginning on an unknown date, but at least as early as on or about September 25, 2021, and continuing up to and through on or about August 22, 2023. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find a defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A) *First*: that two or more persons conspired, or agreed, to possess with the intent to distribute controlled substances.

(B) *Second*: that the defendant knowingly and voluntarily joined the conspiracy.

The government does not have to prove that the crime happened on the exact date charged. But the government must prove that the crime happened reasonably close to that date.

Now I will give you more detailed instructions on some of these terms.

9

**Count 1: (Jerlen Horton and Chicoby Summers)**
**AGREEMENT**

With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with the intent to distribute fentanyl, heroin, or cocaine base.

This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute fentanyl, heroin, or cocaine base.  This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

10

**Count 1: (Jerlen Horton and Chicoby Summers)**
**DEFENDANT'S CONNECTION TO THE CONSPIRACY**

With regard to the second element – the defendant's connection to the conspiracy – the government must prove that the defendant knowingly and voluntarily joined that agreement.

The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals. You must consider each defendant separately in this regard.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

Further, this does not require proof that the defendant knew the drug involved was fentanyl, heroin, or cocaine base. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much fentanyl, heroin, or cocaine base was involved. It is enough that the defendant knew that some quantity was involved.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that they knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

**Count 1: (Jerlen Horton and Chicoby Summers)**
**UNINDICTED, UNNAMED, OR SEPARATELY TRIED CO-CONSPIRATORS**

Some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge the defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

**Count 1: (Jerlen Horton and Chicoby Summers)**
**UNANIMITY REQUIRED:**
**DETERMINING AMOUNT OF CONTROLLED SUBSTANCE (§ 846)**

The defendants are each charged in Count 1 of the indictment with conspiracy to possess with the intent to distribute controlled substances.  If you find a defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him.  You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 400 grams or more of a mixture or substance containing a detectable amount of fentanyl was attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 40 grams or more but less than 400 grams of a mixture or substance containing a detectable amount of fentanyl was attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.  If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of less than 40 grams of a mixture or substance containing a detectable amount of fentanyl was attributable to the defendant

14

as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 100 grams or more of a mixture or substance containing a detectable amount of heroin was attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of less than 100 grams of a mixture and substance containing a detectable amount of heroin was attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that quantity of a mixture or substance containing a detectable amount of cocaine base was attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

In determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs.

15

**Counts 2, 3 and 4: (Jerlen Horton and Chicoby Summers)**
**POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE**
**(21 U.S.C. § 841(a)(1))**

Each defendant, Jerlen Horton and Chicoby Summers, is charged with the crime of possession of fentanyl, heroin, and cocaine base with intent to distribute.  Fentanyl, heroin, and cocaine base are controlled substances.  For you to find each defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt.

(A) *First*: the defendant knowingly or intentionally possessed fentanyl, heroin, or cocaine base.

(B) *Second*: the defendant intended to distribute the fentanyl, heroin, or cocaine base.


Now I will give you more detailed instructions on some of these terms.

To prove that the defendant "knowingly" possessed the fentanyl, heroin, or cocaine base, the defendant did not have to know that the substance was fentanyl, heroin, or cocaine base.  It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much fentanyl, heroin, or cocaine base he possessed.  It is enough that the defendant knew that he possessed some quantity of fentanyl, heroin, or cocaine base.

 The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive,

or attempted transfer of a controlled substance.  To distribute a controlled substance, there need not be an exchange of money.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone.  You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.  The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Counts 2, 3, and 4: (Jerlen Horton and Chicoby Summers)**
**ACTUAL AND CONSTRUCTIVE POSSESSION**

Next, I want to explain something about possession.  The government does not necessarily have to prove that the defendant physically possessed the fentanyl, heroin, or cocaine base for you to find him guilty of this crime.  The law recognizes two kinds of possession—actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the fentanyl, heroin, or cocaine base, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the fentanyl, heroin, or cocaine base, and knew that he had this right, and that they intended to exercise physical control over the fentanyl, heroin, or cocaine base at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the fentanyl, heroin, or cocaine base, and knew that he did, for you to find him guilty of this crime.  This, of course, is all for you to decide.

18

### Counts 2, 3, and 4: (Jerlen Horton and Chicoby Summers)
### JOINT POSSESSION

One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the fentanyl, heroin, or cocaine base. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the fentanyl, heroin, or cocaine base, and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide.

**Counts 2, 3, and 4: (Jerlen Horton and Chicoby Summers)**
**AIDING AND ABETTING**

For you to find a defendant guilty of possession with intent to distribute fentanyl, heroin, or cocaine base, it is not necessary for you to find that he personally committed the crime. Instead, you may find him guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of possession with intent to distribute fentanyl, heroin, or cocaine base as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) *First*: that the crime of possession with intent to distribute fentanyl, heroin, or cocaine base was committed.

(B) *Second*: that the defendant helped to commit the crime.

(C) *Third*: that the defendant intended to help commit the crime.


Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that each defendant was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these

elements, then you cannot find the defendant guilty of possession with intent to distribute fentanyl, heroin, or cocaine base as an aider and abettor.

**Counts 2, 3, and 4: (Jerlen Horton and Chicoby Summers)**
**UNANIMITY REQUIRED:**
**DETERMINING AMOUNT OF CONTROLLED SUBSTANCE (§ 841)**

Each defendant is charged in Counts 2, 3, and 4 of the indictment with possession with intent to distribute fentanyl, heroin, or cocaine base.  If you find the defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substances that was attributable to him.  You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 400 grams or more of a mixture or substance containing a detectable amount of fentanyl was attributable to the defendant, then please indicate that finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 40 grams or more but less than 400 grams of a mixture or substance containing a detectable amount of fentanyl was attributable to the defendant, then please indicate that finding on the special verdict form.  If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of less than 40 grams of a mixture or substance containing a detectable amount of fentanyl was attributable to the defendant, then please indicate that finding on the special verdict form.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 100 grams or more of a mixture or substance containing a detectable amount of heroin was attributable to the defendant, then please indicate that finding on the special verdict form.

22

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of less than 100 grams of a mixture and substance containing a detectable amount of heroin was attributable to the defendant, then please indicate that finding on the special verdict form.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that quantity of a mixture or substance containing a detectable amount of cocaine base was attributable to the defendant, then please indicate that finding on the special verdict form.

In determining the quantity of the controlled substance, you need not find that the defendant knew that the offense involved this quantity of drugs.

**Counts 5 and 6 (Jerlen Horton and Chicoby Summers):**
**POSSESSION OF A FIREARM IN FURTHERANCE OF A**
**DRUG TRAFFICKING CRIME (18 U.S.C. § 924(c)(1)(A))**

Counts 5 and 6 of the indictment charge each of the defendants with violating federal law by possessing a firearm in furtherance of a drug trafficking crime.  For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) *First*: that the defendant committed a crime charged in Counts 1, 2, 3, or 4.  Possession of fentanyl, heroin, or cocaine base with intent to distribute is a drug trafficking crime which may be prosecuted in a court of the United States.

(B) *Second*: that the defendant knowingly possessed a firearm.

(C) *Third*: that the possession of the firearm was in furtherance of a crime charged in Counts 1, 2, 3, or 4.

Now I will give you more detailed instructions on some of these terms.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Counts 1, 2, 3 or 4. In deciding whether the firearm was possessed to advance or promote the crime charged in Counts 1, 2, 3, or 4, you may consider these factors: (1) whether

24

the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

The government need not prove that a particular firearm was possessed in furtherance of the drug trafficking crime.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

**Counts 5 and 6 (Jerlen Horton and Chicoby Summers):**
**AIDING AND ABETTING POSSESSION OF A FIREARM IN FURTHERANCE OF A**
**DRUG TRAFFICKING CRIME**
**(18 U.S.C. §§ 924I(1)(A)(i) and 2)**

For you to find a defendant guilty of possessing a firearm in furtherance of a drug trafficking crime, it is not necessary for you to find that he personally committed the crime. Instead, you may find him guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find Jerlen Horton or Chicoby Summers guilty of possessing a firearm in furtherance of a drug trafficking crime as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) *First*: that the crime of possessing a firearm in furtherance of a drug trafficking crime was committed.

(B) *Second*: that the defendant helped to commit the crime of possessing a firearm in furtherance of a drug trafficking crime.

(C) *Third*: that the defendant intended to help commit the crime of possessing a firearm in furtherance of a drug trafficking crime.

The defendant intended to aid and abet the crime of possessing a firearm in furtherance of a drug trafficking crime if he had advance knowledge that an accomplice would possess a firearm during the commission of a drug trafficking crime. Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from the enterprise. Knowledge of the firearm may, but does not have to, exist before the underlying crime is begun. It is sufficient if the

26

defendant gained the knowledge in the midst of the underlying crime, as long as the defendant chose to continue to participate in the crime and had a realistic opportunity to withdraw. You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant chose to continue his participation in the crime after the defendant knew an accomplice possessed a firearm.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of possessing a firearm in furtherance of a drug trafficking crime as an aider and abettor.

**OTHER ACTS OF DEFENDANT**

You may have heard testimony that a defendant committed acts other than the ones charged in the indictment.  If you find a defendant did those acts, you can consider the evidence only as it relates to the defendant's knowledge and identity.  You must not consider it for any other purpose.

Remember that each defendant is on trial here only for Conspiracy to Possess with Intent to Distribute Controlled Substances, Possession with Intent to Distribute fentanyl, heroin, and cocaine base, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, not for the other acts.  Do not return a guilty verdict unless the government proves the crimes charged beyond a reasonable doubt.

**EVIDENTIARY MATTERS**

**Introduction**

That concludes the part of my instructions explaining the elements of the crimes. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## EVIDENCE DEFINED

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.    I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.   These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.  The burden of proof remains on the government.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence, like the testimony of an eyewitness, that directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**STIPULATIONS**

The government and the defendants have agreed, or stipulated, to certain facts. These facts are to be considered by you as proven true.

33

## FLIGHT, CONCEALMENT OF EVIDENCE, FALSE EXCULPATORY
## STATEMENTS

You have heard testimony that after the crime was supposed to have been committed, the defendant fled from law enforcement.

If you believe that the defendant fled from law enforcement, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged.  This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may flee from law enforcement for some other reason.  The defendant has no obligation to prove that he had an innocent reason for his conduct.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

 Let me suggest some things for you to consider in evaluating each witness's testimony.


(1) Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(2) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(3) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(4) Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

(5) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(6) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(7) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe a witness's testimony was contradicted by other evidence, remember people sometimes forget things, and even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## NUMBER OF WITNESSES

Sometimes jurors wonder if the number of witnesses who testified for a given party makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## DEFENDANT'S ELECTON NOT TO TESTIFY

A defendant has an absolute right not to testify or present evidence. The fact that the defendant did not testify or present evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant's guilt beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## A WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of Shannon Sullivan and Jonah Kiper, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept these witnesses' opinions.  In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**OPINION TESTIMONY**

You have heard the testimony of Joseph Dembowski, Amanda Pnueman, Susan Ziegler, Rebecca Ennis, and Zachary Harrison, who testified as an opinion witness.

You do not have to accept Ennis's or Harrison's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED
CRIMINAL LIABILITY**

You have heard the testimony of Alexis Stewart. You have also heard that the government has promised her a diversion agreement in exchange for her cooperation.

It is permissible for the government to make such a promise. But you should consider Stewart's testimony with more caution than the testimony of other witnesses.  Consider whether her testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

41

## DELIBERATIONS AND VERDICT

### Introduction

Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

 One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or X (formerly known as Twitter), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A

juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous as to each defendant.

To find each defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find each defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendants guilty beyond a reasonable doubt.

46

**JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**VERDICT FORM**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.