FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____Jul 30, 2024_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                              Criminal Action No. 3:22-cr-37-RGJ

JERLEN HORTON                                                  Defendants
CHICOBY SUMMERS

\* \* \* \* \*

**JURY INSTRUCTIONS**

1

**INTRODUCTION**

In this case there is one more task for you to complete.  Specifically, we have two additional charges that you the jury must decide.  Mr. Horton is charged in Count 7 with possession of a firearm by a prohibited person.  Mr. Summers is charged in Count 8 with the crime of escape.

## ADDITIONAL INSTRUCTIONS

In considering Count 7 and Count 8, please recall the evidence you have already seen and the instructions I gave you yesterday afternoon before you deliberated as to Counts 1, 2, 3, 4, 5, and 6.  Those prior instructions remain available to you in the jury deliberation room and apply to Count 7 and Count 8 as well. Because I just read them to you, it is not necessary to repeat them now. You will record your verdict as to Count 7 and Count 8 on a separate verdict form provided with these instructions.

## DEFINITION OF THE CRIME

### Count 7 (Jerlen Horton):
### POSSESSION OF A FIREARM BY A PROHIBITED PERSON (18 U.S.C. § 922(g)(1))

Count 7 of the indictment charges Jerlen Horton with being a prohibited person in possession of a firearm on or about November 3, 2021. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First*: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that prior to on or about November 3, 2021, the defendant, Jerlen Horton, had been convicted of a crime punishable by imprisonment for more than one year. Therefore, you must accept this element as proven.

*Second*: That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment.

*Third*: That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that prior to on or about November 3, 2021, the defendant, Jerlen Horton, knew he had been convicted of a crime punishable by imprisonment for more than one year. Therefore, you must accept this element as proven.

*Fourth*: That the specified firearm crossed a state line prior to the alleged possession.  It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

Now I will give you more detailed instructions on some of these elements.

The defendant does not have to own the firearm in order to possess the firearm.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Count 7 (Jerlen Horton):**
**ACTUAL AND CONSTRUCTIVE POSSESSION**

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

**Count 7 (Jerlen Horton):**
**JOINT POSSESSION**

One more thing about possession.  The government does not have to prove that the defendant was the only one who had possession of the firearm.  Two or more people can together share actual or constructive possession over property.  And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict.  The government must prove that the defendant had either actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime.  This, again, is all for you to decide.

**Count 8 (Chicoby Summers):**
**ESCAPE (18 U.S.C. § 751(a))**

Count 8 of the indictment charges that on or about November 3, 2021, Chicoby Summers escaped from the custody of the United States Office of Probation and Pretrial Services.  For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First:* The defendant was in the custody of the United States Office of Probation and Pretrial Services, confined to a specific geographic location.  The government and the defendant have agreed that prior to on or about November 3, 2021, the defendant, Chicoby Summers, was in the custody of the United States Office of Probation and Pretrial Services, confined to a specific geographic location, by virtue of a previous conviction. Therefore, you must accept this element as proven.

*Second:* The custody was by virtue of a previous conviction. The government and the defendant have agreed that prior to on or about November 3, 2021, the defendant, Chicoby Summers, was in the custody of the United States Office of Probation and Pretrial Services, confined to a specific geographic location, by virtue of a previous conviction. Therefore, you must accept this element as proven.

*Third:* The defendant left custody without authorization.

*Fourth:* In so doing, the defendant knew that he was leaving custody without authorization.

8

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Count 8 (Chicoby Summers):**
**INFERRING REQUIRED MENTAL STATE**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## ON OR ABOUT

The indictment charges that the crime of possession of a firearm by a prohibited person and the crime of escape happened "on or about" November 3, 2021.  The government does not have to prove that the crime happened on that exact date.  But the government must prove that the crime happened reasonably close to that date**.**

11

## DEFENDANT'S ELECTON NOT TO TESTIFY

As I instructed you before, the defendant has an absolute right not to testify or present evidence.  The fact that the defendant did not testify, or present evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant's guilt beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.