UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                                                    Criminal Action No. 3:22-cr-37-RGJ

JERLEN HORTON                                                         Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Motion to Withdraw as Attorney [DE 108] and Motion for Leave to Appeal In Forma Pauperis [DE 110] filed by Defendant Jerlen Horton. For the reasons below, the Court will deny the Motion to Withdraw as Attorney and grant the Motion for Leave to Appeal In Forma Pauperis.

First, the Court addresses Horton's request to appeal in forma pauperis. [DE 110]. Horton filed an Affidavit in support as required by Fed. R. App. P. 24 (a)(1). [DE 110]. The affidavit addresses in detail his inability to pay as required by Fed. R. App. P. 24(a)(1)(A)-(B). He also filed his prisoner trust fund account statement in the record. [DE 111]. Horton makes the financial showing required by 28 U.S.C. § 1915(a) through his affidavit and account statement. The Court will grant him pauper status.

As to Horton's counsel's Motion to Withdraw as Attorney, when a notice of appeal is filed, adjudicatory authority transfers from the district court to the court of appeals. *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (quoting *Manrique v. United States*, 137 S. Ct. 1266, 1271 (2017)). This includes withdraw, substitution, or appointment of counsel during the appeal of a case. Sixth Circuit Rule 12(c)(1) provides that "trial counsel in criminal cases must continue representation of the defendant on appeal unless relieved by the court." Thus, because a notice of

1

appeal was filed, this Court does not have authority to rule on a motion to withdraw as counsel even though counsel was retained. Any such relief must be sought from the Sixth Circuit Court of Appeals. Sixth Circuit Rule 12(c)(3) provides that "[w]hen the court directs appointment of counsel for an appellant under the Criminal Justice Act, the clerk will select counsel as provided in the Sixth Circuit Criminal Justice Act Plan." Thus, upon this Court's grant of pauper status, the Clerk of the Sixth Circuit Court of Appeals may appoint new counsel to Horton under the under the Criminal Justice Act, 18 U.S.C. § 3006A, to represent defendant on appeal. And as of the date of this order, the Sixth Circuit Court of Appeals has granted counsel's motion to withdraw and deferred appointment of counsel pending this court's ruling on the motion for pauper status. Thus, this motion will be denied.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Horton's Motion to Appeal In Forma Pauperis [DE 110] is **GRANTED;**

(2) Defendant Horton's counsel's Motion to Withdraw as Attorney [DE 108] is **DENIED**.

Cc: Clerk, Sixth Circuit Court of Appeals (No. 24-6073)